UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>CARLOS ESPARZA,<br><br>                              Defendant. | Case No.:  17cr1101-JAH<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE (Doc. No. 29).** |

## INTRODUCTION

Pending before the Court is Defendant Carlos Ysaias Esparza's Motion for Compassionate Release.  *See* Doc. No. 29. On April 9, 2020, Plaintiff United States of America (hereinafter, "Government") filed a response in opposition and a supplemental brief. *See* Doc. Nos. 30, 31. After a careful review of the pleadings submitted, and for the reasons set forth below, IT IS HEREBY ORDERED the motion is **DENIED**.

## BACKGROUND

Defendant Carlos Ysaias Esparza ("Defendant') pled guilty to an information charging him with three counts of Importation of Controlled Substances, in violation of 21 U.S.C. §§ 952, 960. *See* Doc. No. 15-17. On August 25, 2017, this Court sentenced Defendant to 155-months in custody and three years of supervised release. *See* Doc. No. 26.

On April 4, 2020, Defendant submitted a request for release to home confinement to the Warden of Taft Correctional Institute (hereinafter, "Taft" or "BOP"), where he is currently housed. *See* Doc. No. 29 at 29. Taft is scheduled to close, and all inmates are to be transferred to other facilities. On April 6, 2020, Defendant received a Memorandum from D. Patrick, Executive Assistant/Grievance Coordinator, stating:

> This is in response to the multiple Requests to Staff (Cop-outs) which have been forwarded to my office for response. Due to the number of Requests to Staff received, individual responses will not be provided, nor will any future requests regarding this same matter be addressed.
>
> Staff has not been provided guidance by the Bureau of Prisons (BOP) regarding the Attorney General's Memorandums involving any revised procedures for an inmate's placement on Home Confinement. Therefore current procedures will remain the same.
>
> Furthermore, due to the current decision by the Bureau of Prisons to close the facility and the subsequent transfer of all inmates, each of you will have to make this request at your new facility.

*See* Doc. No. 29 at 39.

On April 13, 2020, Defendant, proceeding *pro se*, filed a motion for Compassionate Release under the First Step Act, citing the ongoing health concerns brought by COVID-19 as the basis. *See* Doc. No. 28.

The Government filed a response in opposition to Defendant's motion on April 16, 2020. *See* Doc. No. 30. The Government argues that because Defendant's request was not denied and the statutorily prescribed 30-days has not elapsed, the Court does not have jurisdiction to grant relief under § 3582(c)(1)(A)(i). *See* Doc. No. 30 at 2-3 (citations omitted). The Government also argues that even if this Court found the exhaustion requirement could be waived, this Court should allow the BOP to exercise its authority in making inmate placement determinations. *Id.* at 3.

On April 22, 2020, the Government filed a supplemental briefing to inform the Court that Taft has decided not to act on requests for release. As such, the Government argues

that Defendant has "effectively exhausted his administrative remedies." *See* Doc. No. 31 at 2. The Government then urges the Court to deny Defendant's motion based on the merits, arguing Defendant did not identify extraordinary and compelling reasons for a reduction in his sentence within the meaning of § 3582(c)(1)(A) and the Sentencing Commission's policy statement. *See generally id.*

## LEGAL STANDARD

Under § 3582, as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), a court may modify a defendant's sentence "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Upon such a motion, a court may modify a defendant's sentence "after considering the factors set forth in § 3553(a) to the extent applicable" if it finds "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id*. § 3582(c)(1)(A)(i). The relevant Sentencing Commission policy statement sets forth several "extraordinary and compelling reasons." U.S.S.G. § 1B1.13(1)(A) & cmt. 1. The Commission also requires the defendant not pose a danger to the safety of the community as provided in 18 U.S.C. § 3142(g). *Id*. § 1B1.13(2).

## DISCUSSION

On the threshold exhaustion or 30-day requirement, Defendant urges the Court to find, and the Government agrees, Defendant's request should be deemed effectively exhausted. The Court agrees. In light of the decision by Taft to not act on requests for relief, the Court finds this a constructive denial of Defendant's request. As such, Defendant has exhausted his administrative remedies.

Next, to be eligible for compassionate release, Defendant must demonstrate that "extraordinary and compelling reasons" warrant such a reduction and that the reduction is "consistent [with] applicable policy statements" issued by the U.S. Sentencing

Commission. 18 U.S.C. § 3582(c)(1)(A). Although the statute does not define "extraordinary and compelling circumstances," the U.S. Sentencing Commission has identified four categories of situations that may qualify: serious medical conditions, advanced age, family circumstances, and a catch-all "other reasons." U.S.S.G. 1B1.13, application note 1(A). In application note 1 to the policy statement, the Commission identifies the "extraordinary and compelling reasons" that may justify compassionate release for a medical condition provides as follows:

> (i) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required[.]
> (ii) The defendant is—
>     (I) suffering from a serious physical or medical condition,
>     (II) suffering from a serious functional or cognitive impairment, or
>     (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

United States Sentencing Guidelines, Application Notes, § 1B1.13(1)(A). Finally, the note recognizes the possibility that BOP could identify other grounds that amount to "extraordinary and compelling reasons." USSG § 1B1.13, cmt. n.1(D).

    Defendant's concerns about exposure to COVID-19, in light of his confinement and his transfer from Taft to another facility, are not taken lightly by this Court. However, those general concerns alone are not sufficient to establish his eligibility for compassionate release. *See e.g., United States v. Raia,* No. 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020) ("the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."*); United States v. Gillis*, 2020 WL 1846792 (C.D. Cal. April 9, 2020); *United States v. Eberhart*, 2020 WL 1450745 (N.D. Cal. March 25, 2020); United

*States v. Green*, 2020 WL 1892456 (E.D. Cal. April 16, 2020); *United States v. Aguila*, 2020 WL 1812159 (E.D. Cal. April 9, 2020); *United States v. Zywotko*, Case No. 2:19-cr-113-FtM-60NPM, 2020 WL 1492900 (M.D. Fla. Mar. 27, 2020); *United States v. Gileno*, 2020 WL 1307108 (D. Conn. March 19, 2020); *United States v. Harris*, 2020 WL 1969951 (M.D. Fla. April 24, 2020); *United States v. Clark*, 2020 WL 1557397 (M.D. La. April 1, 2020); *United States v. Hays*, 2020 WL 1698778 (S.D. Ala. April 7, 2020).

In considering the merits of the instant matter based on the individual inmate and his specific circumstances, the Court still finds Defendant fails to show extraordinary and compelling reasons to warrant a reduction in his sentence. Defendant's request for relief presented to the Warden of Taft argues he is particularly susceptible to complications from COVID-19 due to "asthma, shortness of breath, valley fever, chronic alcohol ingestion, syncopol [SIC] event, and mild stroke." *See* Doc. No. 29 at 29. Defendant also states that upon release, he is assigned to transition to a halfway house in San Diego. *Id*. The Government's supplemental brief offers proof that under the BOP's Care Level Classification for Medical and Mental Health Conditions or Disabilities, Defendant is classified in Care Level 1.[1] The Government further argues that Defendant has not provided sufficient documentation of his medical conditions, does not identify a medical condition within the policy statements application note, Defendant's conditions do not rise to the level of severity as required under the policy statement, and none of Defendant's conditions have been identified by the CDC as increasing a person's risk for developing serious illness from COVID-19. *See* Doc. No. 31 at 12.

Although the Court believes that Defendant has mild asthma, there is no evidence in the record indicating that he has any other medical condition that would put him at a higher risk of experiencing severe illness from COVID-19. While individuals with moderate or

---

[1] Inmates classified under Care Level 1 "are less than 70 years of age and are generally healthy. They may have limited medical needs that can be easily managed by clinician evaluations every 6 to 12 months." See Doc. No. 31 at 7 (*citing* Gov't Exh. 3.)

severe asthma have a higher risk of developing severe symptoms from COVID-19[2], Defendant's Care Level Classification of 1 and the lack of proof of any other medical condition simply does not support a reduction in Defendant's sentence. *See e.g.*, *United States v. Cooper*, 2020 WL 2064066, at *3 (D. Nev April 29, 2020) ("[Defendant]] has not demonstrated that his medical situation presents extraordinary and compelling circumstances for compassionate release because he offers no records to support these diagnoses[.]"); *see also United States v. Khawaja*, 2020 WL 1940848, at *4 (D. N.H. April 2, 2020) ("With no mention of his condition in the presentence report and no medical records from his primary care (or other) physician, the court cannot classify defendant as having "moderate to severe asthma."). Further, Defendant's Care Level Classification also contradicts his other self-reported medical conditions—specifically, stroke—since individuals with a Care Level 1 have "limited medical needs that can be easily managed by clinician evaluations every 6–12 months." However, Defendant's Care Level Classification is consistent with his Pre-Sentence Report, where Defendant reported being in good health[3]. *See* Doc. No. 19 at 8.

Finally, the Court does not believe that Defendant would be better protected from COVID-19 in a halfway house than at FCI Mendota. The Court notes that neither Taft nor the institution where Defendant was later transferred to—Federal Correctional Institute Mendota—has reported any cases of COVID-19. *See* https://www.bop.gov/coronavirus/ (last visited June 1, 2020). It is also imperative to note that the BOP has implemented a detailed COVID-19 response plan for federal inmates. *See* Modified Operations available at https://www.bop.gov/coronavirus/covid19_status.jsp (last visited June 1, 2020). Considering Defendant's documented medical condition, the fact that there are no confirmed cases where Defendant is housed, and the BOP's plan in response to the virus,

---

[2] *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/asthma.html (last visited June 1, 2020).

[3] However, according to the Pre-Sentence Report, "According to information also listed in discovery material, the defendant has trouble breathing in hot temperatures." *See* Doc. No. 19 at 8.

the Court finds Defendant has not demonstrated extraordinary and compelling reasons to warrant a reduction in his sentence.

Therefore, this Court joins other Courts in the Ninth Circuit and across the country in finding that requests for compassionate release on the basis that the presence of COVID-19 alone does not create extraordinary and compelling reasons for release. *See e.g., United States v. Raia,* No. 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020) ("the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."*); United States v. Gillis*, 2020 WL 1846792 (C.D. Cal. April 9, 2020); *United States v. Eberhart*, 2020 WL 1450745 (N.D. Cal. March 25, 2020); *United States v. Green*, 2020 WL 1892456 (E.D. Cal. April 16, 2020); *United States v. Aguila*, 2020 WL 1812159 (E.D. Cal. April 9, 2020); *United States v. Zywotko*, Case No. 2:19-cr-113-FtM-60NPM, 2020 WL 1492900 (M.D. Fla. Mar. 27, 2020); *United States v. Gileno*, 2020 WL 1307108 (D. Conn. March 19, 2020); *United States v. Harris*, 2020 WL 1969951 (M.D. Fla. April 24, 2020); *United States v. Clark*, 2020 WL 1557397 (M.D. La. April 1, 2020); *United States v. Hays*, 2020 WL 1698778 (S.D. Ala. April 7, 2020).[4]

## CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED the motion for Compassionate Release is **DENIED**.

**IT IS SO ORDERED.**

DATED: June 1, 2020

_____
JOHN A. HOUSTON
United States District Judge

---

[4] Because the Court has determined that Defendant does not have a qualifying illness under USSG § 1B1.13 application notes or comments, the Court will not determine whether Defendant meets the factors set out in § 3553(a).